UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH OSTER, on his own behalf and on
behalf of all similarly situated individuals,

    Plaintiff,

v.                                                 CASE NO.:

LUCKY RESTAURANT MANAGEMENT
LLC d/b/a LUCKY DILL DELI, a Florida
Limited Liability Company, and
KIMBERLY MITOW, individually,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JOSEPH OSTER on his own behalf and on behalf of all similarly situated individuals, by and through the undersigned attorney, and sues the Defendant, LUCKY RESTAURANT MANAGEMENT, LLC, d/b/a LUCKY DILL DELI and KIMBERLY MITOW, (collectively "Defendants") for failing to pay complete minimum wages for every hour worked, pursuant to 29 U.S.C. 216(b) and Article X of the Florida Constitution.

## NATURE OF CASE

1. Defendant, Lucky Restarurant Management, LLC d/b/a Lucky Dill Deli, (hereinafter "Lucky Dill") is a restaurant establishment located in Palm Harbor, Pinellas County, Florida.

2. As part of its enterprise, Defendant Lucky Dill hires servers to serve customers as well as additional employees not employed in a service capacity, such as food expeditors.

3. Plaintiff brings this case to address and correct the illegal pay practices conducted by Defendant Lucky Dill.

1

4. Defendants violated the FLSA by failing to pay Plaintiff at least the full minimum wage for all hours worked pursuant to 29 U.S.C. 216(b) and 29 U.S.C. § 201, et al.

## PARTIES

5. Plaintiff was an hourly paid server who worked for Defendant Lucky Dill from approximately February 2013 through December 2015.

6. Defendant Lucky Dill is a Florida for profit corporation which operates and conducts business in, among others, Pinellas County, Florida and is therefore, within the jurisdiction of this Court.

7. Plaintiff brings this FLSA collective action individually and on behalf of others similarly situated, including present and former employees of Defendant Lucky Dill, to recover from Defendant Lucky Dill unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

8. Defendant Kimberly Mitow (hereinafter "Mitow") is an owner of Lucky Dill Deli.

## JURISDICTION & VENUE

9. This action is brought under Federal law to recover from Defendants minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

11. This Court has jurisdiction and venue over this complaint as each of Defendants' violations of the FLSA complained of took place in Pinellas County, Florida.

## GENERAL FACTUAL ALLEGATIONS

12. Plaintiff worked for Lucky Dill at its 33180 US 19 North, Palm Harbor, Florida 34684 location.

13. Plaintiff was paid pursuant to a "tip credit" method where he was paid minimum wage minus the tip credit.

14. At all material times during the last three years, Defendant Lucky Dill deducted a tip credit from Plaintiff.

15. At all material times during the last three years, Defendant Lucky Dill was an enterprise subject to the FLSA's provision on minimum wages.

16. At all material times during the last three years, Defendant Lucky Dill was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. Defendant Lucky Dill's employees ran credit card transactions which transacted business in interstate commerce on a daily basis.

18. Defendant Lucky Dill's employees handled goods such as napkins, silverware, appliances, food items, and restaurant equipment which had traveled in interstate commerce on a daily basis.

19. At all material times during the last three years, Defendant Lucky Dill has had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

20. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendant Lucky Dill as a result of his use of credit card machines and other restaurant equipment which transmitted communications in interstate commerce.

21. Defendant Lucky Dill is in the business of providing food and drinks to the general public.

22. Specifically, Defendant Lucky Dill operates a high end deli/restaurant.

23. Plaintiff worked in the State of Florida without being paid at least the full minimum wage for all hours worked.

24. Defendant Mitow controlled and/or was responsible for the work of Plaintiff.

25. Defendant Mitow regularly supervised Plaintiff's daily activities.

26. Defendant Mitow created and implemented the employer's policies and practices which violated the FLSA and Article X of the Florida Constitution.

27. Defendant Mitow knew the employer's policies and practices violated the FLSA and Article X of the Florida Constitution but continued enforcing such policies against Plaintiff and other employees.

28. Plaintiff did a specific job, i.e. serve food and drinks, which was/is an integral part of the restaurant business of Defendant Lucky Dill.

29. Defendant Lucky Dill utilized the tip credit and paid Plaintiff under the applicable tipped minimum wage.

30. An employer may not claim a tip credit as to an employee's wages unless the employer has provided the employee with the provisions of the FLSA provisions of the tip credit.

31. Defendant Lucky Dill failed to provide employees with the provisions of the FLSA pertaining to the tip credit, and was therefore not permitted to take the tip credit.

32. Moreover, when an employer chooses to pay pursuant to a tip credit, the employees must be allowed to keep all of their tips, either individually or through a tip pool.

33. With respect to allowing an employee to keep all of their tips, an employer may not take deductions from the employee's tips.

34. When employers take unlawful deductions from an employee's tips, the employer is not permitted to take the tip credit.

35. However, Defendant Lucky Dill had a practice of deducting monies from their employees' earned tips for food waste, violations of the coupon policy and server errors.

36. Moreover, a tip pool can only contain employees who customarily and regularly receive tips.

37. If tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid and the employer is not permitted to take a tip credit.

38. Notwithstanding these requirements, Defendants required Plaintiff to participate in a tip pool contribution plan that included non-traditionally tipped employees.

39. Specifically, Defendants' tip-pool included employees who are traditionally non-tipped employees.

40. Because non-traditionally tipped employees participated in the tip pool, Defendant violated the terms of the tip-credit and FLSA's provision on minimum wages.

41. In addition, Defendants required Plaintiff to perform non-tipped work, including slicing cheesecakes, rolling napkins and sorting silverwear at the start of each shift. However, Defendants paid Plaintiff the reduced tipped minimum wage even though Plaintiff was required to perform non-tipped work.

42. As a result of these common policies, Plaintiff is entitled to receive the tip credit taken for each hour worked as repayment for the tip credit improperly deducted from his wages.

43. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)**
(Unpaid Minimum Wages)

44. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 43 above as if stated fully herein.

45. At all relevant times, Defendant Lucky Dill has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

46. At all relevant times, Defendants employed Plaintiff.

47. Defendants failed to inform Plaintiff of the tip credit provisions of the FLSA.

48. As stated above, Defendants have a policy and practice paying Plaintiff the reduced tip-credit minimum wage while making unlawful deductions from earned tips and requiring Plaintiff to participate in a tip pool arrangement that includes traditionally non-tipped employees.

49. Such a policy and practice violates the FLSA's tip credit provisions.

50. Defendants' failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. § 206.

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

53. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

54. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

55. As a result of Defendants' reckless disregard of the FLSA, Plaintiff is entitled to liquidated damages.

**SECOND CAUSE OF ACTION**
**VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION**
**(Tip Credit Violation)**

56. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 – 43 above as if stated fully herein.

57. For the time servers spent working in the store, Defendants took a "tip credit" from Plaintiff's wages, paying Plaintiff less than minimum wage.

58. Pursuant to Article X, Section 24(c) of the Florida Constitution, a tip credit exemption from Florida's minimum wage requirements may only be taken when the employer is otherwise eligible to do so under the FLSA.

59. Defendants' failure to inform Plaintiff of the tip credit provisions of the FLSA violated the FLSA.

60. Defendants' practice of deducting monies from tips invalidates the tip credit in violation of the FLSA and Article X, Section 24 (c) of the Florida Constitution.

61. Defendants' practice of requiring tipped employees to share tips with non-tipped employees violates the FLSA and Article X, Section 24 (c) of the Florida Constitution.

62. Defendants' practice of paying employees the tipped minimum wage for non-tipped work invalidates the tip credit in violation of the FLSA and Article X, Section 24(c) of the Florida Constitution.

### THIRD CAUSE OF ACTION
### COLLECTIVE ACTION, VIOLATION OF THE FLSA
### (Failure to Pay Minimum Wage)

63. Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1 – 43 above as if stated fully herein.

64. At all times material, Defendants employed numerous individuals who were similarly situated to Plaintiff.

65. Throughout their respective employment, individuals similarly situated to Plaintiff were subject to Defendants' unlawful pay practices.

66. Specifically, Defendants took an unlawful "tip credit" from Plaintiff and those similarly situated to Plaintiff by taking unlawful deductions from tips, requiring tipped employees to share tips with non-tipped employees and paying the tip minimum wage for non-tip work.

67. Defendants' failure to pay such similarly situated individuals the required minimum wage was in reckless disregard of the FLSA.

68. As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

69. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

COMPLAINT AND DEMAND FOR JURY TRIAL
8

## FORTH CAUSE OF ACTION
## <u>CLASS ACTION ALLEGATIONS</u>

70. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

71. Plaintiff brings his Florida Minimum Wage Claims on behalf of all persons who were employed by Defendants from August 2010, to the entry of judgment in this case (the "Class Period"), who servers employed by Defendant and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Class").

72. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 100 and 500 members of the Class during the Class Period.

73. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

74. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

75. Specifically, Defendants failed to pay them minimum wages as mandated by Article X, Section 24 of the Florida Constitution.

76. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All of Defendants' servers employed at any time during the five (5) years before this Complaint was filed and up to the present.**

77. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

78. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

79. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendants properly notified tipped employees of the applicable tip provisions of the FLSA;

   b. whether the Defendants took unlawful deductions from employees' tips;

   c. whether the Defendants required tipped employees to share tips traditionally non-tipped employees;

   d. whether Defendants paid employees performing non-tipped work the tipped minimum wage;

   e. whether Defendants failed and/or refused to pay the members of the Class at least the Florida Minimum Wage in one of more workweeks;

f. whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorneys' fees; and

g. whether the Defendants should be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

WHEREFORE, Plaintiff, JOSEPH OSTER, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Respectfully submitted,

**MORGAN & MORGAN**

**/s/ Marc R. Edelman**
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
Morgan & Morgan
201 N. Franklin Street, #700
Tampa, FL 33602
Telephone 813-223-5505
Fax: 813-257-0572
Email: MEdelman@forthepeople.com
Attorney for Plaintiff