UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH OSTER, on behalf
of himself and all others
similarly situated,

      Plaintiff,

v.                        Case No.: 8:16-cv-2352-T-33MAP

LUCKY RESTAURANT MANAGEMENT
LLC d/b/a LUCKY DILL DELI, and
KIMBERLY MITOW, individually,

      Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Lucky Restaurant Management LLC and Kimberly Mitow's Partial Motion to Dismiss (Doc. # 7), filed on October 10, 2016. Plaintiff Joseph Oster filed a response in opposition on November 7, 2016. (Doc. # 12). For the reasons that follow, the Court grants the Motion and declines to exercise supplemental jurisdiction over the Florida law claims.

**I.**    **Background**

Oster worked as a server at Lucky Dill Deli (Lucky), of which Mitow is an owner, from February of 2013 to December of 2015. (Doc. # 1 at ¶¶ 5-8). Lucky paid its servers using a

"tip credit" method, in which it paid servers the minimum wage less the tip credit. (Id. at ¶ 13). Additionally, all tips were included in a tip pool, from which Oster and other employees drew their tips. (Id. at ¶ 32).

An employer may only use the tip credit method if it has followed the FLSA provisions regarding tip credits. (Id. at ¶ 30). According to Oster, Lucky failed to follow the requirements for tip credits outlined in the FLSA in numerous ways: Lucky did not inform its employees about the provisions of the FLSA governing the tip credit; Lucky deducted money from servers' tips for server errors, food waste, or violations of the coupon policy; and Lucky included employees who do not regularly receive tips in the tip pool. (Id. at ¶¶ 31, 35, 38).

On August 17, 2016, Oster filed his putative class action Complaint against Lucky and Mitow, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and Article X, Section 24 of the Florida Constitution. (Doc. # 1 at 1). The Complaint contains four counts: Count I FLSA minimum wage provisions claim; Count II Article X, Section 24 of the Florida Constitution claim; Count III collective action FLSA minimum wage provisions claim; and Count IV collective action Article X, Section 24 of the Florida Constitution claim. (Id.

at 6-9). Essentially, Oster argues that Lucky's tip pool was invalid because it failed to adhere to the requirements of the FLSA, which were adopted in Article X. (Id. at ¶¶ 37, 40). Therefore, Oster seeks to recover the tip credit amount deducted from his minimum wage for all hours he worked at Lucky. (Id. at ¶ 42).

On October 10, 2016, Lucky and Mitow filed their Partial Motion to Dismiss, seeking dismissal of Counts II and IV. (Doc. # 7 at 1-2). Oster filed his response on November 7, 2016. (Doc. # 12). The Motion is ripe for the Court's review.

## II.  Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)(stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

> the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action
> will not do. Factual allegations must be enough to
> raise a right to relief above the speculative
> level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal

citations omitted). Courts are not "bound to accept as true

a legal conclusion couched as a factual allegation." Papasan

v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope

of review must be limited to the four corners of the

complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337

(11th Cir. 2002).

## III. **Analysis**

Florida citizens added Article X, Section 24 to the

Florida Constitution during the general election on November

2, 2004, enshrining in their Constitution the requirement

that "Employers shall pay Employees Wages no less than the

Minimum Wage for hours worked in Florida." Fla. Const. Art.

X, § 24(c). To enforce this entitlement, the Article expressly

details the right of employees to bring a civil action against

employers that fail to pay the minimum wage:

> (e) Enforcement. Persons aggrieved by a violation
> of this amendment may bring a civil action in a
> court of competent jurisdiction against an Employer
> or person violating this amendment and, upon
> prevailing, shall recover the full amount of any
> back wages unlawfully withheld plus the same amount

4

as liquidated damages, and shall be awarded reasonable attorney's fees and costs.

Fla. Const. Art. X, § 24(e).

Subsection (f) of the Article grants the state legislature the power to "adopt any measures appropriate for the implementation of this amendment." Fla. Const. Art. X, § 24(f). Subsequently, the state legislature adopted the Florida Minimum Wage Act (FMWA) to provide measures appropriate for the implementation of the Article.

One of the measures adopted under the FMWA requires that "prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action." Fla. Stat. § 448.110(6)(a). The purpose of this measure is to provide employers the opportunity to satisfy the minimum wage claim with the employee before the matter reaches the courts. § 448.110(6)(b).

In the present action, Oster brings a claim for unpaid Florida minimum wages against Lucky and Mitow pursuant to Article X, rather than the FMWA, and alleges that Lucky and Mitow violated Article X, Section 24(c) by improperly applying the tip credit method. (Doc. # 1 at ¶¶ 56-62). Lucky

and Mitow maintain that Article X does not provide a cause of action for violations of the minimum wage law independent from the FMWA, and thus Oster has failed to state a claim in Counts II and IV. (Doc. # 7 at 2-3). Furthermore, Lucky and Mitow point out that Oster has not alleged fulfillment of the written notice requirement pursuant the FMWA and thus has failed to state a claim. (Id. at 4).

Oster counters that Article X creates a cause of action that is not subject to the FMWA's pre-suit notice provision. (Doc. # 12 at 2-3).

### A.   Disagreement among District Courts

There is disagreement among courts in this and other districts in Florida regarding whether there is an independent cause of action under Article X of the Florida Constitution, and if so, whether that action is subject to the pre-suit requirements of the FMWA.

Oster urges the Court to follow the reasoning of some courts in the Middle District of Florida and find that his state minimum wage claim under Article X is an independent cause of action to which the pre-suit notice requirement does not apply. (Doc. # 12 at 2-4). The court in Throw v. Republic Enterprise Systems, Inc., No. 8:06-cv-724-T-30TBM, 2006 WL 1823783 (M.D. Fla. June 30, 2006), found the pre-suit notice

requirement unconstitutional because it "imposes an
additional requirement beyond that required under [Article X,
§ 24]." Id. at *2. Thus, the court held that Article X
"creates a constitutional right directly enforceable in a
court of law by an aggrieved party with no requirement that
notice be given." Id. Agreeing with the reasoning of Throw,
another district court in the Middle District explained,

> Despite its claim otherwise, the Florida Minimum
> Wage Act is not the exclusive remedy to enforce the
> constitutional provision. As a self-executing
> constitutional scheme, Article 10, Section 24
> needed no legislative action. The cause of action
> created by the Florida Constitution does not
> contain the notice requirements of the Florida
> statute, and such requirements do not "supplement,
> protect, or further the availability of the
> constitutionally conferred right," but rather
> impermissibly modify the right in such a fashion
> that it alters and frustrates the intent of the
> framers and the people to provide a cause of action
> without the detailed pre-suit notice. While those
> requirements are appropriate for the statutory
> cause of action created by the Florida Minimum Wage
> Act, the Court cannot impute them to a claim
> premised solely upon the constitutional provision.

Bates v. Smuggler's Enters., Inc., No. 210-cv-136-FtM-29DNF,
2010 WL 3293347, at *4 (M.D. Fla. Aug. 19, 2010).

Therefore, courts following Throw have held that when a
"plaintiff relies solely upon Article X, Section 24, of the
Florida Constitution to support her claim, she need not plead
compliance with the [statutory pre-suit notice requirement]

in order to state a claim upon which relief may be granted."
Id.; see also Moore v. AIA Direct, Inc., No. 8:15-cv-1885-T-
17EAJ, 2016 WL 320139, at *3 (M.D. Fla. Jan. 26, 2016)(noting
that, if plaintiff had brought his minimum wage claim under
Article X rather than the FMWA, then "the exception to the
notice requirement from Throw" would apply); Knapp v. Largo
Family Rests., Inc., Doc. 12, No. 8:15-cv-2252-T-26AEP (M.D.
Fla. Nov. 24, 2015)(denying motion to dismiss plaintiff's
Article X, § 24(c) claim); Monson v. MLM Int'l Servs., Inc.,
No. 2:09-cv-154-FtM-UA-SPC, 2009 U.S. Dist. LEXIS 128452
(M.D. Fla. Apr. 16, 2009)(denying motion to dismiss Article
X claim based on the authority of Throw).

In contrast, Lucky and Mitow urge the Court to adopt the
reasoning of courts in the Southern District of Florida to
find that there is no independent constitutional cause of
action under Article X that escapes the pre-suit notice
requirement established by the FMWA. Disagreeing with Throw,
the court in Resnick v. Oppenheimer & Co., Inc., No. 07-
80609-CIV, 2008 WL 113665 (S.D. Fla. Jan. 8, 2008), dismissed
the plaintiff's Florida minimum wage claim and held that the
pre-suit notice requirement of the FMWA did not violate the
Florida Constitution because Article X itself authorized the
application of implementing legislation. Id. at *3. The

Resnick court concluded that the pre-suit notice requirement
did not limit the enforcement of the right to a minimum wage;
rather, the requirement is consistent with the constitutional
right to a minimum wage because it "seeks to encourage prompt
resolution of wage disputes short of litigation." Id.

Other courts in the Southern and Middle Districts have
adopted Resnick's reasoning and dismissed without prejudice
Florida minimum wage claims in which the plaintiff had not
provided the defendant with pre-suit notice. See, e.g.,
Montes v. M&M Mgmt. Co., No. 15-80142-CIV, 2015 WL 4077463,
at *3 (S.D. Fla. July 6, 2015)("Here, Count III of Plaintiffs'
Amended Complaint alleges a violation of Fla. Const. Art. X,
§ 24. Before bringing this claim, Plaintiffs must have
complied with the pre-suit notice requirements established in
the FMWA."); Nichols v. Lab. Corp. of Am., No. 2:13-cv-848-
FtM-38CM, 2014 WL 820656, at *4 (M.D. Fla. Mar. 3,
2014)("[A]ny claim brought pursuant to Fla. Const. art. X §
24 must comply with the pre-suit notice requirements of Fla.
Stat. § 448.110(6)."); Dominguez v. Design by Nature Corp.,
No. 08-20858-CIV, 2008 WL 4426721, at *3 (S.D. Fla. Sept. 25,
2008)(dismissing Florida minimum wage claim without prejudice
for failure to provide pre-suit notice and stating "that the

notice requirement and section 24 of the Florida Constitution can be reconciled").

In analyzing these divergent holdings concerning the applicability of the FMWA's pre-suit notice requirement to Article X claims, the Court considers whether it should decline to exercise supplemental jurisdiction over this issue of Florida law.

## B.   Supplemental Jurisdiction

This Court has supplemental jurisdiction over the Florida minimum wage claim; however, the court may decline to exercise jurisdiction if the issue in question satisfies the two-part test explained in Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559 (11th Cir. 1994). First, while a court ordinarily must exercise supplemental jurisdiction, it may choose not to when:

> (1) the state claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. at 1562 n.3 (citing 28 U.S.C. § 1367(c)).

Second, once a court decides if any of the § 1367(c) factors apply, it must then decide whether to exercise

10

jurisdiction in considering the traditional rationales for pendent jurisdiction, which include judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together. Id. at 1569.

Some courts, including this Court, have declined to exercise supplemental jurisdiction on minimum wage claims brought under Article X because the issue of whether pre-suit notice is required for a claim made under that Article constitutes a novel or complex issue of state law. See, e.g., Giarolo v. Goodwill Indus. of Cent. Fla., Inc., No. 6:14-cv-846-Orl-31KRS, 2014 WL 3822960, at *6-7 (M.D. Fla. July 18, 2014), report and recommendation adopted, No. 6:14-cv-846-ORL-31KRS, 2014 WL 3827527 (M.D. Fla. Aug. 4, 2014)(noting the split in authority and declining supplemental jurisdiction because "this question is still a novel and complex issue of state law"); Daily v. Beef O'Bradys Palma Ceia, Inc., No. 8:11-cv-1935-T-17MAP, 2011 WL 5360139, at *2 (M.D. Fla. Nov. 3, 2011)(declining to exercise supplemental jurisdiction on claim under Article X); Demauro v. Limo, Inc., No. 8:10-cv-413-T-33AEP, 2010 WL 2471501, at *4-5 (M.D. Fla. June 17, 2010)(finding that the pre-suit notice issue "satisfie[d] the novel and complex issue of state law standard" and declining to exercise supplemental

11

jurisdiction); Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc., No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809, at *5-6 (M.D. Fla. June 9, 2009)(declining to exercise supplemental jurisdiction because "of the uncertainty regarding whether the pre-suit notice required by section 448.110 is constitutional, whether pre-suit notice is a substantive provision that must be complied with before filing a complaint in federal court, and the other significant differences between the FLSA and FMWA"); see also Winfield v. Babylon Beauty Sch. of Smithtown, Inc., 89 F. Supp. 3d 556, 572 (E.D.N.Y. 2015)(declining to exercise supplemental jurisdiction over plaintiffs' Florida minimum wage claims brought under Article X of the Florida Constitution).

In Demauro, this Court declined to exercise supplemental jurisdiction over the plaintiffs' Florida minimum wage claim, finding that the lack of binding state court precedent indicated the pre-suit notice issue was a novel and complex issue of state law. Demauro, 2010 WL 2471501, at *4. Additionally, Demauro noted that the "'lack of analogous pre-suit notice provision in the FLSA that could provide interpretive guidance' evidences that the pre-suit notice requirement constitutes a novel and complex issue of state law." Id. (quoting Kwasnik, 2009 WL 1607809, at *6). Finding

12

that the interests of judicial economy and fairness to the parties weighed in favor of declining jurisdiction in Demauro, this Court declined to exercise supplemental jurisdiction over the Florida minimum wage claims. Id. at *5.

Here, the parties have not cited any Florida Supreme Court or Florida District Court of Appeal decisions on the issue, and the Court has been unable to find any in its independent review. Cf. Giarolo, 2014 WL 3822960, at *7 ("The parties have not cited a decision by any Florida court addressing the question of whether the FMWA, with its pre-suit notice provision, is the only means to bring a claim of violation of the minimum wage provision of the Florida Constitution, and I have not found any."). Furthermore, although the body of federal authority holding that pre-suit notice is required has grown in the years since Demauro was decided, the divide between the federal district courts in Florida remains with some recent decisions still relying on the reasoning of Throw.

Under these circumstances, the Court finds that the better decision is to decline supplemental jurisdiction and allow the Florida Supreme Court to resolve the novel issue of state law regarding whether Article X creates an independent cause of action from the FMWA to which the pre-suit notice

13

requirement does not apply. See <u>Winfield</u>, 89 F. Supp. 3d at 572 (stating that "the better course is to decline supplemental jurisdiction and allow the Eleventh Circuit or the Florida Supreme Court to resolve" the issue); <u>see also</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966)("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring them a surer-footed reading of applicable law."). Therefore, the Court will decline to exercise supplemental jurisdiction over the Florida minimum wage claims in Count II and IV. Oster may pursue his Florida minimum wage claims in state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Lucky Restaurant Management LLC and Kimberly Mitow's Partial Motion to Dismiss (Doc. # 7) is **GRANTED** to the extent that the Court declines to exercise supplemental jurisdiction over Counts II and IV of the Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u> day of November, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE