```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF FLORIDA
        TAMPA DIVISION
```

JOSEPH OSTER, on behalf
of himself and all others
similarly situated,

      Plaintiff,

v.                                Case No.: 8:16-cv-2352-T-33MAP

LUCKY RESTAURANT MANAGEMENT
LLC d/b/a LUCKY DILL DELI, and
KIMBERLY MITOW, individually,

      Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of the parties' Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. # 36), filed on January 27, 2017. The Court grants the Motion, but declines to retain jurisdiction to enforce the terms of the settlement agreement.

**Discussion**

Plaintiff Joseph Oster filed this action against his former employer in federal court on August 17, 2016, alleging violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (Doc. # 1). On October 14, 2016, the Court issued its FLSA Scheduling Order (Doc. #

8) and Order referring the case to mediation. (Doc. # 9). On November 18, 2016, Oster filed a Notice of Consent to Join, on behalf of Matthew Selezan. (Doc. # 18). At the Court's direction, the parties mediated on December 16, 2016, but reached an impasse. (Doc. ## 15, 28). On December 21, 2016, the Court entered its Case Management and Scheduling Order. (Doc. # 31).

Subsequently, on January 27, 2017, the parties filed their Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice, but did not attach a copy of the Settlement Agreement. (Doc. # 36). Pursuant to the Court's Order (Doc. # 37), the parties submitted the Settlement Agreement and an affidavit of Oster's counsel regarding attorney's fees on February 3, 2017. (Doc. ## 38, 39).

Oster alleges that Defendants violated the provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Oster will receive a total payment of $7,000 in unpaid wages and liquidated damages, and Selezan shall receive a total payment of $1,800 in unpaid wages and liquidated damages. (Doc. # 38 at 1). It has also been agreed

that Oster's counsel will receive $8,200 in attorney's fees and costs. (Id. at 2).

This Court is duty-bound to scrutinize the attorney's fees requested in this FLSA case as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009). There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 352.

Having reviewed the affidavit provided by Oster's counsel (Doc. # 39), the Court finds the fees reasonable in relation to the time dedicated to the case, the billing attorney's qualifications, and the outcome attained for Oster and Selezan. Furthermore, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the other terms of the settlement. (Doc. # 36 at 3). Although they disagree as to the validity of the claims, the parties represent that they

3

have negotiated a settlement of this matter to avoid "expensive, protracted, and uncertain litigation." (Id. at 4).

Based on these representations, the Court finds the settlement complies with Lynn's Food and approves the settlement. Although the Court approves the settlement, the Court declines to retain jurisdiction over the case to enforce the terms of the settlement agreement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion for Approval of FLSA Settlement and Dismissal with Prejudice (Doc. # 36) is **GRANTED.**

(2) The parties' settlement is approved but the Court declines to retain jurisdiction to enforce the terms of the settlement. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of February, 2017.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE